**CADENCE DESIGN SYSTEMS, INC., Plaintiff,**

v.

**VERILOG, S.A. and Verilog U.S.A., Inc., Defendants.**

**No. C–91–1369 SAW.**

United States District Court, N.D. California.

Dec. 23, 1991.

**474**

Pillsbury, Madison & Sutro, James Warren, Ina Risman, San Francisco, Cal., for plaintiff.

Strasburger & Price, John Cone, Dallas, Tex., Graham & James, San Francisco, Cal., for defendants.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

### I. MOTION TO DISMISS

■ Cal.Code Civ.Pro. § 410.10 provides, in pertinent part, that California state courts may exercise jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States." Federal district courts situated in California are subject to the same jurisdictional limitations. In order to satisfy these Constitutional requirements, the following must be true: (1) Defendants have sufficient contacts with the state of California to justify the exercise of jurisdiction over them; and (2) the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *Asahi Metal Industry Co., Ltd. v. Superior Court of California,* 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987); *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

■ First, in determining whether Defendants' contacts with California are Constitutionally sufficient to support the exercise of jurisdiction by this court, we must consider whether Defendants' contacts with California are continuous and systematic. If so, jurisdiction is proper. *Helicopteros Nacionales De Columbia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1983). If not, we must consider the quality and quantity of Defendants' contacts with California. In particular, we must determine whether Defendants' contacts with this state gave rise to this cause of action. *Helicopteros Nacionales De Columbia,* 466 U.S. at 408, 104 S.Ct. at 1868. If so, we must determine whether Defendants purposefully availed themselves of the protections and laws of this state, or whether it was reasonably foreseeable that Defendants would be subject to this court's jurisdiction. See *Burger King Corp. v.*

*Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). If either of these are true, the exercise of jurisdiction is proper. If Defendants' contacts with this state did not give rise to this cause of action, the exercise of jurisdiction by this court is improper.

■ Second, in determining whether the exercise of jurisdiction over a particular party will offend traditional notions of fair play and substantial justice, the court must consider four factors: (1) The burden on the party; (2) the interest of the forum state in exercising jurisdiction over the dispute; (3) the plaintiff's interest in obtaining relief; and (4) the interest of the several states. *Asahi Metal Indus. Co., Ltd.,* 480 U.S. at 113, 107 S.Ct. at 1033, citing *World–Wide Volkswagen Corp.,* 444 U.S. at 316, 100 S.Ct. at 569.

### A. *Defendant Verilog S.A.*

1. Minimum Contacts

■ Defendant Verilog S.A. is a French corporation, based and operating in France, with no employees, offices, production or warehouse facilities, real or personal property, bank account, mailing address, or telephone listing in California. See Declaration of Robert Troy, p. 2. Defendant Verilog S.A. has paid no taxes in California. *Id.* Defendant Verilog S.A. is not registered to do business in California, nor has it engaged a registered agent for service of process in this state. *Id.* Defendant Verilog S.A. receives no orders for goods or services from California or its residents, as all sales of its products in the United States are made through Defendant Verilog U.S.A., Inc. or other sales representatives. *Id.* Nonetheless, Defendant Verilog S.A. provides technical assistance, and technical sales support staff, to Defendant Verilog U.S.A., Inc. to sell its products in the United States, including California.[1] See Declaration of Thomas M. Onda, exhib-

it 1, pp. 123–24; p. 81. Managerial employees of Defendant Verilog S.A. made trips to California to visit "marketing partners" of Defendant Verilog U.S.A., Inc. *Id.,* exhibit 1, p. 92.

Robert Troy, President and Directeur-General of Defendant Verilog S.A., makes periodic visits to California to attend trade shows, promote Verilog products, and conduct business on behalf of his organization. See Declaration of Thomas M. Onda, exhibit 1, pp. 139–141. Between May 1990 and 1991, Troy made 24 business contacts in California on behalf of Defendant Verilog S.A. See Declaration of Robert Troy, pp. 2–6. Review of the quality and quantity of those 24 contacts shows that Defendant Verilog S.A. was and is actively seeking to establish business relationships with California companies. Defendant Verilog S.A. is also seeking to establish contacts in California to assist in publicizing Verilog products nationwide. *Id.,* pp. 2–6. Defendant Verilog S.A. placed full-page advertisements in six sequential issues of a national trade publication which is distributed in California. Finally, Defendant Verilog S.A. places its products in the stream of commerce with the knowledge that some of those products will reach California.

The record does not show that Defendant Verilog S.A. is carrying on any part of its business in California in a continuous and systematic manner. See *Perkins v. Benguet Consolidated Mining Co.,* 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952); *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 779–780, 104 S.Ct. 1473, 1481, 79 L.Ed.2d 790 (1984). However, the record does show that Defendant Verilog S.A.'s contacts with California, taken together, gave rise to Plaintiff's cause of action. This declaratory action came about as a result of the continuous threat of litigation by Defendants, over a period of months. Such a continuing threat was indeed a contact with the forum which, in connection with the contacts listed above, gave rise to

---

**1.** Approximately 15 percent of the products sold by Defendant Verilog U.S.A., Inc. are shipped directly by Defendant Verilog, S.A. to the customer, although there is no evidence of any shipments made directly to customers in California. See Declaration of Thomas M. Onda, exhibit 1, pp. 115–117.

this action. See *B & J Manufacturing Co. v. Solar Indus., Inc.*, 483 F.2d 594, 598 (8th Cir.1973); *Nova Biomedical Corp. v. Moller*, 629 F.2d 190, 195–96 (1st Cir.1980).

In summary, Defendant Verilog S.A. has regularly solicited customers in California, regularly advertised in a publication that is distributed in California, and placed products in the stream of commerce with the knowledge that some will reach California. These activities, in connection with Defendant Verilog S.A.'s threats to sue Plaintiff, show that Verilog S.A. purposefully availed itself of the privileges of doing business in this state, and reasonably should have known that is could be subject to the jurisdiction of this court.[2]

### 2. Traditional Notions of Fair Play and Substantial Justice

■ In determining whether the exercise of jurisdiction over a particular party will offend traditional notions of fair play and substantial justice, the court must consider four factors: (1) The burden on the party; (2) the interest of the forum state in exercising jurisdiction over the dispute; (3) the plaintiff's interest in obtaining relief; and (4) the interest of the several states. *Asahi Metal Indus. Co., Ltd.*, 480 U.S. at 113, 107 S.Ct. at 1033.

Defendant Verilog S.A. asserts that the burden of litigating in this forum will be excessive, that it will be forced to incur substantial travel and living expenses in doing so. Representatives of Defendant Verilog S.A., however, have made numerous trips to California in recent years. The potential burden on Defendant Verilog S.A. does not outweigh the competing interests, and does not rise to the level of offending traditional notions of fair play and substantial justice.

Accordingly, this court's exercise of personal jurisdiction over Defendant Verilog S.A. is proper.

### B. Defendant Verilog U.S.A., Inc.

#### 1. Minimum Contacts

■ Defendant Verilog U.S.A., Inc. is a Virginia corporation with its principal place of business in Texas. See Declaration of Derek South, p. 2. It has no employees, offices, production or warehouse facilities, real or personal property, bank account, mailing address, or telephone listing in California. *Id.* Defendant Verilog U.S.A., Inc. has paid no taxes in California, is not registered to do business in California, and has no registered agent for service of process in this state. *Id.*

Defendant Verilog U.S.A., Inc. concedes that employees have traveled to California to conduct business on behalf of the organization. See Declaration of Derek South, p. 2. In fact, since October 1990, 10 such trips were made. Defendant Verilog U.S.A., Inc. also concedes that managerial employees have traveled to California to engage "marketing partners," or businesses with which it is exploring the possibility of joint sales ventures. *Id.*, p. 3. In fact, three such trips have been made in the past year, to Belmont, Atherton, Sunnyvale, San Jose, Mountain View, Palo Alto, and Milpitas. *Id.* Defendant Verilog U.S.A., Inc. has at least eight customers in California. See Declaration of Thomas M. Onda, exhibit 1, p. 43. Defendant Verilog U.S.A., Inc. regards California as one of its major markets, and attributes approximately one eighth of its national sales to sales in California. *Id.*, exhibit 1, p. 35. Defendant Verilog U.S.A., Inc. is considering opening an office in California. *Id.*, exhibit 1, p. 42.

Defendant Verilog U.S.A., Inc. has an employee, named Dave Takacs, who is the regional representative for Verilog products in California. See Declaration of Thomas M. Onda, exhibit 1, p. 81. Prior to the appointment of Mr. Takacs in 1991, Verilog products were distributed in California by a Los Angeles-based company

---

**2.** Plaintiff also argues that Mr. Troy's trip to California, to discuss the possibility of settlement of this dispute, constitutes sufficient contacts with the state to support the exercise of jurisdiction by the court. We doubt Plaintiff's unsupported assertion that settlement negotiations conducted in the forum, without more, is a legitimate basis for imposing jurisdiction by this court. We need not rule on this issue, however, as Defendants' other contacts with the forum are sufficient to support the exercise of jurisdiction over both Defendants.

called ECS. *Id.,* exhibit 1, pp. 100–101. In addition, Defendant Verilog U.S.A., Inc. formerly employed a public relations consultant in Belmont, California, for the purpose of publicizing Defendants' products throughout the United States. *Id.,* exhibit 1, pp. 51–53. Defendant Verilog U.S.A., Inc. advertises in CASE TRENDS, a national trade publication with a circulation of approximately 10,000. *Id.,* exhibit 1, p. 45. A significant portion of CASE TRENDS are distributed in California. The California public relations consultant retained by Defendants was instrumental in placing full-page advertisements in each of the six issues published this year. *Id.,* exhibit 1, pp. 44–48. Finally, Defendant Verilog U.S.A., Inc. attended the Case World Trade Show in Los Angeles in 1991, and plans to participate and exhibit at the same trade show in 1992.

The record shows that Defendant Verilog U.S.A., Inc.'s contacts with California are continuous and systematic, and the exercise of jurisdiction over this Defendant is appropriate.

### 2. Traditional Notions of Fair Play and Substantial Justice

In determining whether the exercise of jurisdiction over a particular party will offend traditional notions of fair play and substantial justice, the court must consider four factors: (1) The burden on the party; (2) the interest of the forum state in exercising jurisdiction over the dispute; (3) the plaintiff's interest in obtaining relief; and (4) the interest of the several states. *Asahi Metal Indus. Co., Ltd.,* 480 U.S. at 113, 107 S.Ct. at 1033.

Defendant Verilog U.S.A., Inc. asserts that the burden of litigating in this forum will be excessive, that it will be forced to incur substantial travel and living expenses in doing so. Representatives of Defendant Verilog U.S.A., Inc., however, have made numerous trips to California in recent years. The potential burden does not outweigh the competing interests, and does not rise to the level of offending traditional notions of fair play and substantial justice.

Accordingly, this court's exercise of personal jurisdiction over Defendant Verilog U.S.A., Inc. is proper.

### II. APPLICATION FOR ADMISSION PRO HAC VICE

John Cone, a member of the Texas State Bar and the Supreme Court of Texas, Northern District of Texas, Southern District of Texas, Western District of Texas, Eastern District of Texas, Fifth Circuit Court of Appeals, and Federal Circuit Court of Appeals, moves for Admission Pro Hac Vice. Cone has been retained by Defendants in this matter. This application should be granted.

Accordingly,

IT IS HEREBY ORDERED that:

(1) Defendants' motion to dismiss is denied; and

(2) John M. Cone's application for admission Pro Hac Vice is granted.